United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION OF HUMAN ADVOCATES FOR K9'S AND OWNERS,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants.<br>_____/ | No. C-06-1887 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; VACATING HEARING**<br><br>(Docket No. 16) |

     Before the Court is the motion filed June 22, 2006 by defendants City and County of San Francisco, Gavin Newsom in his capacity as the Mayor of the City and County of San Francisco, Carl Friedman in his capacity as director of San Francisco Animal Care and Control, and San Francisco Animal Care and Control, seeking dismissal of certain causes of action for lack of standing and failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff Coalition of Human Advocates for K9's & Owners has filed opposition to the motion; defendants have filed a reply.  Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), VACATES the August 18, 2006 hearing, and rules as follows.

     1.  With respect to the first five causes of action, pursuant to which plaintiff asserts violations of various federal and state statutes proscribing disability discrimination, plaintiff has failed to adequately allege associational standing.  See Hunt v. Washington State Apple Commission, 432 U.S. 333, 343 (1977) (setting forth test for associational standing).  Plaintiff states it can amend the complaint to pleading standing, and seeks leave to do so.

1  Defendants do not oppose such request. Accordingly, the motion to dismiss said causes of
2  action is hereby GRANTED with leave to amend.[1]

3      2. With respect to the sixth, eighth, ninth, tenth, and eleventh causes of action,[2]
4  defendants submit detailed arguments in support of their contention that said causes of
5  action are subject to dismissal for failure to state a claim, and with respect to the sixth and
6  eighth causes of action only, for failure to adequately allege standing as well. Plaintiff,
7  aside from arguing it can amend the complaint to allege standing to assert the eighth cause
8  of action, (see Opp. at 18:25-19:4), fails to address any of defendants' arguments. Rather,
9  plaintiff generally "concedes that there may be deficiencies in its Complaint and further
10 factual allegations may need to be provided in support of its claims." (See Opp. at 19:6-7.)
11 Given plaintiff's failure to provide a substantive response to their arguments, defendants
12 object to an order affording plaintiff leave to amend these claims. Pursuant to Rule 15(a) of
13 the Federal Rules of Civil Procedure, however, "[a] party may amend the party's pleading
14 once as a matter of course at any time before a responsive pleading is served[.]" See Fed.
15 R. Civ. P. 15(a). Here, no party has filed a responsive pleading. See Crum v. Circus
16 Circus Enterprises, 231 F.3d 1129, 1130 n.3 (9th Cir. 2000) ("A motion to dismiss is not a
17 'responsive pleading' within the meaning of Rule 15."). Accordingly, defendants' motion to
18 dismiss the sixth, eighth, ninth, tenth, and eleventh causes of action is hereby GRANTED
19 with leave to amend.

20     3. Any amended complaint shall be filed no later than September 15, 2006. Any
21 dismissed cause of action that is not amended will be deemed dismissed with prejudice.

22     This order terminates Docket No. 16.

23 **IT IS SO ORDERED.**

24 Dated: August 16, 2006      MAXINE M. CHESNEY
    United States District Judge

---

[1] Because standing is a prerequisite to jurisdiction, the Court does not reach defendants' additional argument that the first five causes of action fail to state a claim.

[2] The seventh cause of action is not at issue in the instant motion to dismiss.